Let's let everybody clear out of the courtroom. All right, calling the next and last case. How much time would you like to reserve for rebuttal? Four minutes. Thank you, Judge Koh. Four minutes. Go ahead, please. Thank you, Your Honors. Ken and Shanmugam of Paul Weiss for the Uber Petitioner's Appellants. May it please the Court, in our view, this is the rare case in which the JPML erred by determining that centralization will promote the just and efficient conduct of multiple actions. Tellingly, plaintiffs cite no even remotely similar case in which the JPML has previously granted centralization. But even if centralization were appropriate here, the JPML and the District Court erred by failing to give effect to the parties' contractual agreement here, and specifically the non-consolidation provisions, which by their terms require claims to be litigated on an individual rather than coordinated or consolidated basis. The District Court held that those provisions were categorically unenforceable as contrary to a public policy embedded in Section 1407. But Section 1407 is silent on the enforceability of non-consolidation provisions. And that section serves an interest not just in judicial efficiency, but also in the parties' convenience. It would create an anomaly here if consolidation were treated differently from other aspects of litigation procedure that parties can contract around. This Court should grant the petition for mandamus or reverse the District Court's ruling on the non-consolidation provisions. Go ahead. Please. It seems to me that I'm sure you acknowledge the broad discretion that the JPML has. Even if we go to your second issue and the Court disconsidered it, it doesn't need to give it any particular weight with respect to this collective action. So, I'm having trouble understanding how you can get over the standard of review on abuse of discretion here. Sure. Even if we've never seen this case before. Sure. So, I'm happy to address that, Judge McKeown. And I think one of the things that's frankly a little bit confusing about this is the way in which the JPML addressed the non-consolidation provisions, which of course directly led to in his 37-page opinion. I would point the Court to what the JPML said in its transfer order, and this is on page 564 of the appendix to our mandamus petition. There, what the Court, the JPML said, really in toto, is the panel is not bound by Uber's terms of use, and Section 1407C grants the panel the authority to centralize civil cases upon its own initiative. But then, the panel went on to say, plaintiffs suggest that they will challenge the enforceability of Uber's terms of use. Centralization thus will allow for streamlined briefing on this common issue. So, what we submit is that the JPML really didn't resolve the application of the non-consolidation provisions. It really punted that issue to Judge Breyer, and consistent with that language, suggesting that the issue could be subject to streamlined briefing before the MDL court, Judge Breyer did precisely that. He resolved this issue at the threshold, and he ultimately concluded that the non-consolidation provisions were categorically unenforceable. So, that, we would submit, is really what this Court is now reviewing, though we certainly were of the view that the JPML, you know, could and should have addressed the relevance of those non-consolidation provisions in the first instance. So, if this Court concludes— So, I'm making sure I understand the chain of logic here. Your claim of legal error or abuse of discretion is the fact that you don't think the issue was directly addressed by the JPML? We think that the JPML did not directly address the issue, that it left it for Judge Breyer, and we think that Judge Breyer, whose order is subject to de novo review on the direct 1292B appeal, erred when he concluded that these provisions were unenforceable. Well, let's, we don't get to Judge Breyer yet. I want you to stick with the order. So, you want to attack or challenge what Judge Breyer did, but this is referenced here by the JPML, and we have to first look to see if there's an abuse of discretion there. And I understood you to say, well, you think there is because they didn't address it enough or they punted it. Is that right? So, we certainly think that to the extent that you construe that order as saying that the non-consolidation provisions are of no moment, that the panel is, quote, not bound by them, we think that that is clear error. But we don't actually think that the JPML really did that because it went on to say we're going to leave that issue for the MDL court. And this court has before it — If I look at the brief that Uber filed before the JPML, you never in your opposition to centralization actually raised the collective action waiver. There's only one paragraph on the collective action waiver, and the brief says, the panel need not conduct any analysis under 1407 because this motion is barred by the plaintiff's contractual agreement with Uber. So, you never — you know, you made the bar argument, which the panel did address, and did not — if I look at all of your arguments against centralization, you don't go back to that collection action waiver at all. So, I think the panel then did address the argument that you made, that a party's private contract did not bar them from deciding whether to centralize or consolidate. Let me ask, in your reply brief, you concede that a forum selection clause is not contractually binding on a court or the JPML, right? So, I don't think that we necessarily concede that. But let me say one thing in response to what you said, Judge Cohen, and then get to that. I think we — what we said in the brief, that paragraph that you referred to, was essentially saying that these non-consolidation provisions preclude centralization. I think that that is the effect of saying that the JPML is barred under Section 1407 from centralizing, which was the decision, after all, that was before the JPML. So, I certainly think that that was enough to preserve the issue before the JPML. Now — What's the clear error? Because you mentioned clear error in your answer one or two times ago. What's the clear error? So, I think the clear error is that to the extent that the JPML rejected this argument by saying that the panel is not bound by the terms of use, of course, that's not really what we're arguing. What we're arguing is that the terms of use bind the parties. And in that regard, we think that a non-consolidation provision is not invalid by virtue of the public policies embodied in Section 1407. And that was precisely the same argument that we and the plaintiffs proceeded to make at great length before Judge Breyer in the order that is subject to the separate 1292B appeal here. Judge Breyer could not have been clearer in addressing that issue, and, of course, he proceeded to certify that issue to this Court for this Court's review. So, what to do with all of this? As a practical matter, I suspect the Court is wondering, like, what would the remedy be here if — Actually, can we go back to that question? Reply at page 12. Quote, of course a form selection clause is not contractually binding on a court or judicial panel considering a motion for transfer. End quote. So, you're now backing away from that statement that's in the reply brief at page 12. You're now saying form selection clauses are contractually binding on a court or the district litigation?  And I'm sorry, Judge Koh, because I didn't address that aspect of your question. Let me address it now. Form selection clauses here are distinct from nonconsolidation provisions. There are form selection clauses in these agreements that say that these cases should be litigated in the jurisdictions where the alleged assaults occurred. Now, we obviously think that those form selection clauses are binding on the parties, like the nonconsolidation provisions. If you take a look at the last couple of pages of Judge Breyer's order, you will see that he says, consistent with what the JPML says — But they're not binding on the courts, correct? Well, I think that's true in the same way that it's true with regard to nonconsolidation provisions. We respectfully disagree with the JPML's view that as a legal matter, form selection clauses are of no moment to the centralization decision, but that issue is not before this Court. The issue that is before this Court concerns the nonconsolidation provisions. And if this Court agrees with us that the nonconsolidation provisions here, consistent with other similar types of provisions, are, in fact, enforceable, this Court has the complete power here to grant an appropriate remedy. I would suggest — But I think I'm still confused by what Judge McKeown raised. Is the clear error or the clear abuse of discretion here that the JPML did not give sufficient analysis as to whether the collection — collective action waiver here was prohibiting or precluding centralization, consolidation, and transfer, or that they didn't give it enough consideration when they were weighing convenience of the parties? What is the exact error, legal error, that's clear that you're asserting? The thing that I think I am struggling with a little bit is the lack of clarity in the JPML's order. Because, again, if you look at that last sentence, the JPML seems to have left the issue of the relevance of the nonconsolidation provisions to Judge Breyer, and he followed that in addressing the issue. If the JPML concluded that the nonconsolidation provisions do not preclude centralization, we would submit that that is clear error. And we do think that the JPML should have addressed that issue. But now we are where we are. We have Judge Breyer's order. Go ahead, Judge McKeown. That was like word salad I couldn't quite get my head around, okay? Well, I'm happy to try again. Our bottom line here is we think the JPML erred to the extent that it concluded that the nonconsolidation provisions do not preclude centralization. But this Court also has before it Judge Breyer's separate order where he, I think consistent with the JPML's direction, specifically addressed the legal question of whether Section 1407 and the policies embodied therein preclude the application of nonconsolidation provisions and contracts. So, Mr. Shanmugam, so you win the motion to dismiss, let's say. That's your best guess. I think it's fair to review of the three or four we've got in front of us. What then? How does that not undermine what the panel did? Judge Johnston, what we would submit is the correct remedy here, is that if this Court disagrees with Judge Breyer's conclusion in the 37-page order that is under review, it should reverse that order, and that's up on direct appeal, and the Court reverses that order, the cases would then go back to Judge Breyer. And I would submit that Judge Breyer would do what MDL courts do all the time, which is at that point to ask the JPML to remand those cases to the transferor courts. And, of course, here — So how does that relief work, I guess? So your motion before Judge Breyer, what was it, a motion to dismiss, a motion to transfer? Yes. I believe it was framed as a motion to — I think it was actually labeled as a motion sort of regarding the non-consolidation clauses. But I think the remedy that we are seeking is for those cases to go back to the transferor courts. Now, here it's a little artificial because it's a round trip, because the cases that were the subject of that motion were all filed in the Northern District of the MDL. And the way to avoid the lexicon problem that this Court will be familiar with is for Judge Breyer simply to ask the JPML to take those cases out of the MDL in much the same way that MDL courts do when the MDL proceedings are complete. Isn't that an end-run around the rather strong protection of mandamus for review of the JPML's actions? It isn't an end-around for the simple reason that precisely because the JPML left that issue for Judge Breyer, Judge Breyer proceeded to address that issue. Now, I think what plaintiffs are suggesting in their supplemental brief on the 1292B appeal is that there is somehow no jurisdiction over that, because what we're really challenging is what the JPML did. And I would submit — And is the JPML's error in not finding that the collective action waiver did not preclude centralization, is that a clear legal error or is that clear abuse of discretion? Which one is it? So I would say that that is a legal error to the extent — Why? Because they are obligated to — you just said that even forum selection clauses do not bind courts. So tell me one case that says a collective action waiver would bind the JPML. So the question of whether or not non-consolidation provisions preclude proceeding in an MDL is a question of first impression. It is a legal question. We think that to the extent that the panel — the JPML resolved that question, it erred as a matter of law. But my core — I'm sorry to interrupt, but your best case is probably Atlantic Marine, and that's a forum selection clause case, which you just said forum selection clauses do not bind courts, correct? But, Judge Koh, again, I think what is artificial about this situation is the fact that if the JPML had definitively resolved that issue, there would have been nothing for Judge Breyer to do at that point. And yet the parties all operated on the understanding that the question of the validity of these non-consolidation provisions, consistent with that last sentence in that paragraph that I read to you, is for Judge Breyer to address in the first instance. But you just said this is a question of first impression. So how could it not be legal — how is it legal error to not rule in your favor when there's no precedent to guide the JPML's decision here, according to your view? Well, obviously, we rely on Atlantic Marine and other cases in analogous context. But if there's one thing I can leave you with in this colloquy, Judge Koh, it's that the Court also has Judge Breyer's lengthy opinion addressing this purely legal question, and it is reviewing that opinion de novo. And there is no way to avoid addressing that here. Well, Mr. Chamigan, I guess when you spoke to the relief that you were actually seeking, it sounds like it could be a little bit like transfer, which is reviewed for abuse of discretion. Why is it — why should we not review Judge Breyer's decision as a decision with respect to the remedy you sought, which was actually transfer, not dismissal, under abuse of discretion? Well, as you know, Judge Johnstone, whenever you have abuse of discretion review, that is de novo review of legal errors and obviously more deferential review of factual determinations or discretionary — ultimate discretionary determinations. We think that the question on which Judge Breyer ruled here, the categorical unenforceability of non-consolidation provisions as being inconsistent with Section 1407, is a pure question of law, and that's resolved de novo. Now, to the extent that we had the earlier discussion about the appropriate remedy here, that's obviously an issue to be worked out by Judge Breyer on remand. So if this Court reverses Judge Breyer's order on the ground that it's incorrect — and I'd like to spend at least a couple of minutes on that with the Court's leave — then it will be for Judge Breyer on remand to figure out what the appropriate remedy is, and then ask Judge Breyer at that point to ask the JPML to take those cases out of the MDL. But if we get past the MDL abuse or clear error or whatever, then we get to Judge Breyer. Then we have a question, is there jurisdiction? Here's your jurisdiction. Then we get to Judge Breyer's order, which I know you're anxious to talk to us about, and that is a legal question de novo. Is that right? That is correct. And so what is the legal error that would mandate him to have made the opposite decision? It's simply that absent some particular bar or unusual circumstances, courts have consistently enforced contractual agreements regarding the forms that litigation between the parties to the contract may take. And Atlantic Marine is certainly the best and most recent pronouncement from the Supreme Court in that regard because the Supreme Court — But it also says that contracts can't render venue wrong, correct? Well, you still have to meet the statutory venue requirements. But the portion of Atlantic Marine on which we are centrally relying, and I would with the Court's leave like to reserve a little bit of time for rebuttal, is simply that the Court upheld the application of the Forum Selection Clause in the face of Section 1404, the provision that gives courts by their own initiative or at the request of the parties the power to transfer venue. And that provision is materially indistinguishable from Section 1407 in the relevant sense because it takes into account both, quote, the convenience of parties and witnesses and the interest of justice. And there's simply no way to avoid reviewing Judge Breyer's contrary conclusion in that result, which we submit is contrary to the general direction of travel, not just with regard to Forum Selection Clauses, but choice of law provisions, arbitration provisions, and the like, where courts routinely give the parties choices in their contracts effect. Can we just get clarity on — so it sounds like you don't believe there are any clear abuses of discretion. Is that right? So we do think that the JPML committed clear error here. Clear legal error. I just want to know, is it clear legal error or is it clear abuse of discretion? Because you're just saying generally the briefs did as well. Oh, it's an error, it's an error. But I need to know which one it is just to be able to analyze it under the Writ standard. As you are aware, the Mandamus standard is clear error. And to the extent that — But that's been defined as clear legal error or clear abuse of discretion, correct? Correct. And plaintiffs certainly make the point that the JPML's determination here has a discretionary aspect. Our submission is that with regard to the determination that we're challenging, not just with regard to the nonconsolidation provisions, but in the other respects that we address in the Mandamus petition, what we are really talking about here is the determination that's being made under the second sentence of Section 1407, which says that transfers shall be made by the JPML upon a determination that transfers will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. So to the extent that we think that the JPML made the wrong determination, that this will promote the just and efficient conduct of these actions, I don't think there actually is any discretion there. And as the Court will be aware, our fundamental submission here is that these are highly individualized cases. They depend on individual sexual assaults by drivers. And therefore, they are categorically different from the sorts of product liability cases, pharmaceutical cases — But we have your point in mind, and we know what the courts have said are the common issues. There are several that they've laid out, and I know you disagree that that's enough. But nobody's mentioned here the public benefits aspect of Section 1407. Would you address that? Sure. So, Judge McKeown, we certainly recognize that Section 1407 serves two purposes. The first is the convenience of the parties and witnesses. The second is the just and efficient conduct of such actions. With regard to the non-consolidation provisions part of this, of course, our view is that the fact that the statute considers not just judicial efficiency is what makes it similar to Atlantic Marine and the other examples on which we rely. With regard to the mandamus part of this, I think that our submission is that it is not enough simply to say there is a common issue of fact here, and therefore, there's going to be some benefit to having discovery against a single defendant in one place. If that were true, Section 1407 would have stopped after the first sentence. Instead, we think that the just and efficient conduct standard requires a court to consider whether there are individualized issues, whether those individualized issues overwhelm the common issues. That's why the JPML itself talks I think that's a key difference between the parties, the predominance, which may be also a synonym for overwhelms. Where do you get that standard in this case? Sure. So as we acknowledge, this is not the same as the Rule 23b3 standard, which, as you are aware, talks in terms of predominance. But the JPML itself has repeatedly referred to predominance. And we think, Judge McKeown, that that comes from the just and efficient conduct of the litigation standard. In other words, where individual issues of fact or of law, and we have plenty of both here, overwhelm any common issues of fact. That it is not efficient to conduct proceedings before an MDL court. And if we were to disagree with you that predominance or overwhelmingness is a standard, where would that leave you under the public a place where identifying even one common issue in cases that have some degree of factual relationship would be enough, and it would certainly be enough under plaintiff's approach to defeat any effort to obtain review. And the plaintiffs set great store by the fact, and I suspect in a minute you're going to hear from my friend, Mr. Issacharoff, that there's never been a case where an appellate court has granted mandamus review of the JPML centralization decision. And leaving aside that there are the cases that I think are cited in footnote 2 of the JPML's supplemental order, even if that were true, there has to be some degree of review here because Congress mandated it in section 1407E. Congress provided for that review by mandamus, but Congress plainly did not intend for that to be a null set. And so, again, I recognize that there is a complication here because the Court has both the mandamus petition to the JPML and the review of Judge Breyer's order. And ultimately, if the Court recognizes a very important issue with broad consequences, the Court has the power to grant the appropriate relief because it has before it the ability both to grant relief as to the JPML and to grant relief as to Judge Breyer. I see that I've gone over my time, and with the Court's leave, I would love to have whatever rebuttal the Court is willing to grant. I will give you rebuttal time, but you are over by 4 minutes and 48 seconds. Great. You'll be precise. Thank you very much. Thank you. Good morning, Your Honors, and may it appease the Court. Samuel Izakroff for the plaintiffs below. I think I'd like to start with Judge Johnstone's observation that this is an end run around mandamus. It is important to see what is being appealed from, which is a particular order from Judge Breyer, which in turn responded to a particular motion. The motion in its prayer for relief says, first, that the plaintiffs are bound and therefore the Court should prohibit their continued participation in this MDL, which is in violation of their agreements. And the second part is the form selection point. The form selection point remains outstanding. Pre-trial Order 6 says we haven't reached that, and as in Atlantic Marine, they are free to raise their compelled transfer point under 1404. But on the first point, they are seeking as relief an order from the District Court dismissing the claims from the consolidated proceeding. Under the express language of 1407, that's not a power the District Court has. That's a power that is reserved to the JPML. And that's why this Court in the electronic ---- But why, you know, Atlantic Marine says you have to give controlling weight to contracts, you know, enforcing contracts except in all but the most exceptional circumstances. So why shouldn't we give a controlling weight? For 1404 purposes, Judge Kagan. Understood, but why can't you analogize it to 1407? Because 1407 has different standards for what the authority of the JPML is than 1404 does. And so for us, the most critical part of Atlantic Marine is where the Court says this does not change the venue statute, 1391. That has its own independent authority. The parties by contract cannot create venue because Congress has decided how that's going to work. 1404 is a very soft discretionary standard for the convenience of the parties by agreement. But convenience of the parties is also in 1407. It's 1407. It's part of the considerations that the JPML can make under its discretionary authority reviewable only under mandamus. 1404 is fully reviewable as a matter of appeal. And so that's a distinction. I mean, it was interesting Mr. Shanmugam tried to collapse the two and said there's no functional difference between 1404 and 1407. There's nothing in 1404 that authorizes ---- But a lot of the 1404 factors very much align with the balancing of factors in 1407. They might, Your Honor. They might. But that's inescapable. So I guess I don't understand why we don't analogize 1404 and 1407 and carry Atlantic Marine over. Right. I think the key difference is who's in the driver's seat. And in 1407, it's the JPML that's in the driver's seat given full discretionary authority and protection from review. So when they exercise their discretion not to centralize, that's not reviewable at all. So there's no analogy to 1404 there. And when they do order centralization in any form or consolidation in any form, then that's reviewable only under mandamus. There is no such authority. But what then is the standard for the JPML or other courts on how we're supposed to or how they're supposed to consider at all these types of collective action waivers? The standard ---- What weight should be given? In our view, none. In our view, none at all, because this is a decision by the parties that purports to bind the court in the exercise of its statutory authority. And they have not cited a single case for that proposition. And so what they are trying to do through, first of all, through the appeal, is get their way around that by trying to say that Judge Breyer, on his own initiative, should have ordered that when the statutory language says that that's a power that's only ---- Mr. Zakharoff, can you respond to the argument that the panel did not reach this issue and left it open, at least left it open in the proceedings in front of Judge Breyer to at least revisit the consolidation clause? Well, the terms of use that were raised before the JPML also include the form selection part. And so the application of the terms of use goes not just to the consolidation point but to the Atlantic Marine issue on whether they should be transferred ultimately at the end of the proceeding. And in our brief, we cite to the Seventh Circuit looper decision in which Judge St. Eve said that every case has to be sent back where it should have been filed, no matter the technicalities of direct filing into the MDL or something of that sort. But with regard to the terms of use controlling whether there can be any kind of coordination in the case, I think the JPML said that doesn't bind us. I think they made a finding, and they held that we are not controlled by that because we have the authority, they said, under 1407 directly, that we can consolidate on our own initiative if we want to, and therefore the parties can't take that away from us. If we agree with you on that, that there's not an abuse of discretion or any clear legal error, then we get to what I think is the heart of the matter, and that's Judge Breyer's order, correct? Well, I think that Judge Breyer's order has to be read against the motion that was filed before them, which is not in the record excerpts, but it's in the docket at 259, if I'm not mistaken, 257. And that motion sought Judge Breyer, asked Judge Breyer to take the 29 of the individual cases and send them back because of the existence of this provision. Notably, they did not say that these 29 breached their contract by filing for MDL consolidation. They didn't distinguish them in any way. The only thing in the motion that distinguishes the 29 cases before Judge Breyer is that they said they could prove assent to the terms of use with these 29. And the terms of use, I heard the last argument, the terms of use here go on for almost 80 pages of the defendant's record excerpts. There's three different versions, and I would defy any human being to actually read those. So let's go, I want to go back to where you started your argument. You said you have to look at what was asked for in the district court, and what they asked for basically was dismissing the claims, which starts the merry-go-round back to the MDL and then the reassignment, correct? So if the district court is asked to dismiss the claims, the district court declined to do that. Their argument is, well, the district court didn't take into account these 80 various pages of the terms of use, which he should have done, and that's the error as I understand it. Well, it depends on what you're saying. I mean, I guess the error is he didn't send it back. He can't send it back. He can only ask the JPML to take it back on his recommendation. But the statute is very clear that it shall be done by the JPML. 1407A leaves no ambiguity about who the active party is in terms of MDL consolidation, coordination, the various statutory terms, and that is the JPML itself. The district court does not have authority, and this court in the PPA case. Well, wait. He doesn't have the actual authority, but he has the authority to recommend or to ‑‑ yeah, he would have the authority to recommend, correct? But, Your Honor, then where's the error? Because they can also ‑‑ Well, that's what I'm trying to get at. I mean, I think we've been dancing around in all these legal terms, but when you get right down to it, he doesn't have the authority. The JPML has the ultimate authority. He could review this and, based on the terms of use, recommend, correct? Yes, but so can they. They can move directly in the JPML, say, you made a mistake, send us back. Now that we've seen this, send us back. So now put us in this court where we have an interlocutory appeal of Judge Breyer's order, and the question is whether we have ‑‑ first, do we have jurisdiction, and then what should we do with it? Yes, I think under, and I apologize, this is my error. I raised it late, the subject matter jurisdiction, but it didn't really dawn on me until I read both the motion below and this court's very brief, Fletcher's very brief discussion of this in the electronic mortgage case, mortgage electronic case, which I didn't appreciate the full import of it, where he just says, to the extent you're here on an appeal, and the question is whether these should have been put into an MDL or not, we don't have jurisdiction. It's only three sentences long, and so it's easy to overlook, but it's clear as day, and when you put that together with PPA, I think it's clear that the only party, the only entity, rather, that has the authority to give any of the relief requested is the JPML, and the JPML, by the terms of 1407, can only be addressed on the mandamus standards. Does that make a difference if it's legal error all the way down, abuse of discretion, right? If it's a misreading of 1407's relationship to the anti‑consolidation clause, does it really matter what the standard review is? I don't think it matters in one sense. I don't think it matters, really, at the end of the day, whether it's legal error or abuse of discretion or anything else. I think the standard has to be the mandamus standard of review, which this court clearly set out in the Bauman case, and which Congress, we assume, was legislating in the knowledge of how rare and difficult mandamus would be. There have been over 3,000 decisions by the JPML, and Mr. Shanmugam anticipated I would say this, and I'll say it just to make him happy. There have been 3,000 without a single mandamus being issued against the consolidation decisions. Does it matter which grounds, whether it's 1407 or centered on the statute or against public policy, centered on the agreement, which grounds this question was decided on? And then we have these layers of if it's against public policy, is it against public policy just under California law or federal common law? How does that factor in? Well, I think that the public policy is still alive with regard to subsequent applications before Judge Breyer. So, for example, there will be decisions have to be made on form selection and whether the parties that filed in California are entitled to do so or whether they have to go back to the jurisdiction where the incident, the alleged incident occurred. And that raises public policy considerations. Right, but that's not the anti-consolidation clause that's before us. It's not the anti-consolidation clause. As far as our position is that Judge Breyer addressed that in a belts and suspenders way of adding everything out before this court, but we don't think it's necessary because there's no relief that he can give pursuant to that. So, I mean, is your preference that this is decided based on the fact that it's contrary to 1407 or that the clause is unenforceable? And what are the different implications? We think the only issue before this court is whether it's contrary to 1407. How is that different than being contrary to public policy with 1407 being an input into that analysis? Then that could come in through there, but we don't think that you need to reach that because this is so heavily within the discretionary authority of the JPML and the standard for review of that is only mandamus. That's where we're kind of getting caught up on the threshold of jurisdiction. And they would say, I think, that this non-consolidation goes to the merits and that they're not actually not to the court's jurisdiction, that they're not actually challenging the JPML order when they get to the district court. What's wrong with that argument? What's wrong with that argument is it can't integrate the court's holding in mortgage electronics because the basis of Judge Fletcher's decision, and it's very brief, but the basis of Judge Fletcher's decision was it can't be an appealable error for the district court to be asked to do something that it has no power to do. So there were several questions directed at Mr. Chamigan about what exactly is the remedy going to be here, and there's nothing that Judge Breyer can do to satisfy them on the non-consolidation point. But what if Judge Breyer had actually agreed with Uber and said, okay, these collective action waivers are enforceable, so I'm going to dismiss all these cases without prejudice and send them back to whatever they belong. That would not at all implicate the JPML's transfer order. No. That would be an error by the transferee judge, and errors by the transferee judge are fully reviewable by this court, and I can assure you that we would be here on different sides of the table. But doesn't that undermine your argument that there's no jurisdiction here? No. Because it shouldn't be that our jurisdiction depends solely on which way Judge Breyer went on Uber's collective action waiver. If we have jurisdiction then... I disagree, actually. I disagree, actually, because this court has jurisdiction over what the transferee court does, and it has jurisdiction over what the transferee court has the authority to do. If the transferee court issues a motion to dismiss, grants a motion to dismiss, that's a final order with regard to the various litigants, and that's fully appealable here, and that's the distinction that the court made in mortgage electronics. It was a little bit different situation. So it's possible here that we would have jurisdiction, but under 1292 we wouldn't grant any relief. In other words, that the district court did not err or make a legal error. So you would end up in the same place. I know you would say, well, that's a distinction that's important for I'm not sure what. But why wouldn't we go that route? Because you would have to then be reversing mortgage electronics, and that's a prior decision of this court. But, Judge McEwen, I'll be candid with you. This issue gave me a headache preparing for this argument because it's dancing on the head of a pin type argument. And is it no jurisdiction if he couldn't have done it, or is it affirm because he couldn't have done it? And we think that based upon the authority of both PPA and mortgage electronics that the preference of this court is to say that when a court is asked to do something that it doesn't have the power to do, there is not an appealable issue because this court cannot grant relief on that basis. If this court wants to say we don't have to reach the jurisdictional issue because we're going to affirm anyway because it's not an abuse of discretion and there's no clear legal error here, that would be fine. It's a little bit backwards because usually you reach the subject matter jurisdiction first. But that turns on whether the panel, in fact, answered this question and kind of set the law of the case, which – No, I don't agree with that, Judge Thompson, because I think – Judge Thompson, I'm sorry, I think that the key issue is does the panel have the authority to make that decision exclusively under the statute and is that reviewable only under mandamus? Whatever they did, if they did it wrong, it doesn't transfer to this trial. So why could the panel not hypothetically or in this case decide that we're going to consolidate and we're going to transfer it? And then, you know, going forward in the pretrial proceedings, Uber has the opportunity to raise it again and the district court can take another shot at it after which it's appealable. Uber can take another shot at it in its application in the district court, but under the express language of 1407A, the district court does not have the authority to revisit the initial decision. But how do we explain the district court's 30-something page? The district court appeared to think that it had the authority to analyze and decide this issue. It thought that it could certify the appeal to us. Sometimes district courts err, Your Honor, and I think that our position on this is that the district court recognized that there were new issues here that had not been addressed before, and I read the opinion as being a belt-and-suspenders opinion where it's trying to provide this court with all the possible rationales. We think the simplest way to cut through this is to go back to the statutory standard. It's the exclusive province of the JPML. It's reviewable only under mandamus, and there's been no discussion thus far about this court's very exacting requirements for mandamus review. And they have not identified the clear legal error under Bauman Criterion No. 4. They haven't identified what the prejudice to them is. So, for example, only yesterday the director of safety for Uber was deposed in this proceeding. If this court reverses in any way, that deposition will be for only one case, and there will be 50, 100 more requests for the deposition of the exact same person. And this is not an argument made post hoc. This is what the JPML said was the reason it had to consolidate. It had to consolidate because what is Uber's structure? Who is responsible? Who knew what when? What measures were taken? All those kinds of issues are common to every single proceeding. But that would have been true if they just asserted a class action and it never was before the panel. I mean, you could still have a judge could decide either way whether to consolidate or honor the consolidation clause if we took the panel out of this. I think that under prevailing class action law, a personal injury type case for sexual assault makes it a very poor vehicle for a class action. So I don't think there was any mechanism available for the consolidation of all these cases other than through the MDL statute. I think that's what the MDL statute was there. And keep in mind that unlike the predominant standard for Rule 23, under lexicon, these cases are never going to be tried together. So these cases are going to go on their individual way later on. But I think, again, everything... Why do common questions of fact just mean overlapping discovery? That's not in the statute. It's not in the statute, but there's been 60 years of experience, almost 60 years of experience under the statute. And the JPML, which is entrusted with its discretionary development of the law, has been consistent on this point that the key question is whether there are economies to be realized by having the common discovery of fact. And that's the question. And the statutory language, it just says common questions of fact. It's a very broad standard that focuses on the factual dimension of the case and not on the legal dimension. As we point out in our brief, it's not only the predominant standard doesn't apply. They make the argument on mandamus that you have to have a federal question involved. That's not only not in the statute, but that's contrary to the entire experience of the JPML in handling mass tort cases around the country, where you have overwhelmingly and sometimes exclusively state law proceedings. So I think that you're in a situation where you have to go back to the statutory language that this is discretionary to the JPML. It's a court that is comprised of seven judges who spend years developing this. And certainly over the 3,000-plus decisions that the JPML has rendered, you can find a couple that use stray language of predominance or things like that. And, you know, they have endless associates who can do the Westlaw searches on that. But that's not the law of 1407. Let me ask you back to Judge Breyer. He's got the JPML order, and they say, well, the panel's not bound by the terms of use. And I think Uber agrees with that statement as far as it goes. But then the panel goes on to say that plaintiffs will challenge the enforceability of the terms of use and centralization will allow for briefing on that common issue. So isn't that sort of back to the district court, who they then name in the next paragraph, that we'll now look at the briefing on this issue. That's now we have the centralized cases. We have them transferred to one MDL judge in the Northern District of California. And that judge will be able to take the streamlined briefing. And isn't that what Judge Breyer's order does? Judge, I'm over my time. That's okay. Please answer. So what has to be done is to figure out, first, which term of use applies to which plaintiff. There's three different terms of uses. The 70-plus pages are three different ones. And they could only find 29 that they think they can prove so far assent to the terms of use. So there's going to be questions about the application. And the terms of use go on and on and on with many, many provisions. So, yes, there will be questions of application. They're not saying that they can't. But my question is probably a little simpler than that, Mr. Zuckerkopf, and that is that once it is basically sent to Judge Breyer and then he issues his order, what's wrong with what he did? There's nothing wrong with what he did. He begins his opinion with the language of 1407 and says, this is JPML's decision. He ends his opinion with the language of 1407 and says, this is not my decision. And then he said, if it were my decision, this is why I would find. And that's good judging. That's giving a lot of thought to a novel problem and then concluding that not only the statutory language controls, but also public policy is in favor of that. This Court has more to work with. I'll grant that. But it's not necessary to go beyond the statutory language. You want to just say we stop at the lack of jurisdiction over what is, in effect, a review that can only be done at the JPML and not in the district court? That's correct.  That's correct, Your Honor. And reviewable in this Court only under mandamus, only under the Bauman Standards. And as we argued in our brief, they have not addressed this Court's Bauman Standards for the proper application of mandamus. All right. Do my colleagues have any further questions? None that I'm going to ask. You've gone over five minutes and one second. Thank you, Your Honor. I apologize for running over. No, no. You were answering our questions, so no apology needed. I'll give you three minutes, but, of course, if my colleagues have more questions, you're welcome to certainly answer them over time. Go ahead, please. Thank you, Judge Koh. I want to offer the Court the straightest way to cut through the word salad here and to provide relief to my clients in these circumstances. And in doing so, I want to focus on what Judge Breyer did here. So we did file a motion before Judge Breyer. It was filed a motion regarding Uber's terms of use. Contrary to my friend, Mr. Zakharov, it's in the record before you. It's in the excerpts of record accompanying our 1292B motion starting at page 57, running to page 79. And in that motion, as you will see, we asked for a variety of forms of relief, but our basic submission was that the 29, now 24, cases in question simply do not belong in the JPML. What is the appropriate form of relief? We would submit that it is simply that Judge Breyer should have asked for these cases to be transferred back to the transferor courts. And that's a very familiar form of relief under JPML Rule 10.1B. When MDL courts are done, they recommend remand by filing a suggestion of remand with the JPML. Now, the plaintiffs before Judge Breyer didn't say you have no power to do this. They joined issue with us, and then when Judge Breyer issued his 37-page order, they agreed that 1292B relief was appropriate. And while subject matter jurisdiction can be resolved at any stage of the litigation and even sua sponte, I would submit that it is now the height of irony for plaintiffs to come in and say this Court lacks jurisdiction to review that order and, indeed, seemingly lacks jurisdiction only in one direction, since Mr. Zakharov suggested that if we had prevailed, there would be jurisdiction before this Court. Our fundamental submission on the jurisdictional issue is that it is wrong to say that Judge Breyer did not have jurisdiction to address the validity of these non-consolidation provisions. After all, what we're talking about here is whether individual plaintiffs in the MDL can proceed in the MDL or are instead precluded. And as we point out, this particular provision was included in the terms of use only at a certain point of time. There might be plaintiffs who are not subject to these non-consolidation provisions, and so all we are saying is that these plaintiffs don't belong in the MDL. Mr. Zakharov said that this Court has the power to review what the district court did, exactly so. The district court refused to take these 24 cases out of the MDL. And if Judge Breyer committed legal error as to the enforceability of these non-consolidation provisions, relying on Section 1407, this Court should review that de novo and conclude as we submit that Section 1407 does not preclude the parties from contracting for individual resolution of the cases, which we submit, and this is a subject for another day, should take place where the alleged assaults occurred and where the relevant facts should be found. Would you address very briefly the argument that our earlier case in Mortgage Electronic had this short-passing reference on jurisdiction and that would actually strip us of jurisdiction in this case? So I think the reason why this Court doesn't lack jurisdiction is precisely because we don't agree that this is an issue that is within the exclusive province of the JPML panel to address. And it's precisely for the reason that I mentioned a minute ago, which is that what we're really talking about here is whether individual plaintiffs have in their agreements non-consolidation provisions. Now, we think that the JPML could have addressed that issue, and it sure would have been better if the JPML had directly addressed that issue. But having deferred that issue to Judge Breyer and with the parties then litigating that issue before Judge Breyer, we have the sort of paradigmatic interlocutory order for this Court to review. And I fundamentally disagree with Mr. Zakharov on the question of whether or not there is relief that can be granted here. The relief we're talking about is the relief that an MDL court grants when it wants to get a case out of the MDL, when it wants to terminate an individual case. And it does have to ask the JPML to do that under lexicon, but that is exactly what we were precluded from getting by virtue of Judge Breyer's legal determination that these provisions could not be enforced. Unless the Court has any other questions, we would ask for relief either through the granting of the petition for mandamus or reversal of Judge Breyer's order. No further questions I see from my colleagues. And you're two minutes, seven seconds over. So thank you all very much. These were extremely helpful arguments. Thank you all. And we're adjourned. They have a separate 11 o'clock calendar. We just want to note we have an 11 o'clock calendar. The 9 a.m. calendar is adjourned.
judges: McKEOWN, KOH, JOHNSTONE